## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| INSOLVENCY SERVICES GROUP, INC.,<br>as assignee for the benefit of creditors of<br>CVE Technology Group, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 20-1499-LPS |
| | : | |
| COMCAST CABLE COMMUNICATIONS,<br>LLC, and DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

David A. Felice and Jenny Li, BAILEY & GLASSER, LLP, Wilmington, Delaware

Mazin Sbaiti, SBAITI & COMPANY PLLC, Dallas, Texas

    Attorneys for Plaintiff

Matthew G. Summers and Jessica C. Watt, BALLARD SPAHR LLP, Wilmington, Delaware

Thomas W. Hazlett, BALLARD SPAHR LLP, Philadelphia, Pennsylvania

    Attorneys for Defendant Comcast Cable Communications, LLC

## MEMORANDUM OPINION

September 30, 2021
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is Defendant Comcast Cable Communications, LLC's ("Comcast" or "Defendant") motion to dismiss Plaintiff Insolvency Services Group, Inc.'s ("Insolvency Services" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 5)  Plaintiff filed the instant action on October 1, 2020,[1] alleging one cause of action under California law[2] for recovery of preferential transfers made by CVE Technology Group, Inc. ("CVE"). (D.I. 1 Ex. A ¶¶ 15-24)  Comcast argues this claim is preempted by federal bankruptcy law, or alternatively, the Complaint fails to plead sufficient facts and should be dismissed on that basis. (D.I. 6 at 1)

The Court has considered the parties' briefing (*see* D.I. 6, 9, 11), Plaintiff's supplemental authority (*see* D.I. 12, 13), Plaintiff's Complaint (D.I. 1 Ex. A) ("Compl."), and, to the extent permissible at this early stage of the proceedings, the additional materials the parties have put in the record (*see* D.I. 6 Ex. A; D.I. 9 Exs. A & B).  Having done so, the Court will grant Defendant's motion to dismiss the Complaint, without prejudice, and provide Plaintiff an opportunity to amend.

---

[1] Plaintiff originally filed this action in the Delaware Superior Court. (*See* D.I. 1)  Comcast removed it to this Court on November 6, 2020. (*See id.*)

[2] As Defendant notes, Plaintiff's Complaint does not explicitly cite California Code of Civil Procedure § 1800 (*see* D.I. 6 at 2), but the allegations in the Complaint and Plaintiff's opposition brief (*see generally* D.I. 9) indicate that the claim arises under this provision.

## I.   BACKGROUND[3]

On October 2, 2019, Plaintiff Insolvency Services became the assignee for the benefit of creditors of CVE under California law.  (Compl. ¶¶ 6-7)  At the time of this assignment, CVE was insolvent and owed its creditors in excess of $30 million.  (*Id.* ¶ 8)  Plaintiff alleges that between July 4, 2019 and October 2, 2019 (the 90-day period before the assignment date), CVE transferred not less than $1,457,600.47 to Defendant Comcast and ten "Doe Defendants" to satisfy debts owed by CVE to those Defendants.  (*Id.* ¶¶ 17, 20-21)  Plaintiff further contends that CVE was insolvent at the time of the transfers.  (*Id.* ¶ 18)  Plaintiff seeks to avoid and set aside the payments as "preferential transfers."[4]  (*Id.* ¶ 25)  If successful, Insolvency Services will distribute the amount recovered to CVE's unsecured creditors.  (*Id.* ¶¶ 9, 16)

## II.   LEGAL STANDARDS

---

[3] The Court's recitation of the background facts is based on taking the Complaint's well-pleaded factual allegations as true, which the Court is obligated to do in evaluating the motion to dismiss. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) ("A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.").

[4] California Code of Civil Procedure § 1800(b) provides that:

> [T]he assignee of any general assignment for the benefit of creditors . . . may recover any transfer of property of the assignor that is all of the following:
>
> > (1) To or for the benefit of a creditor.
> > (2) For or on account of an antecedent debt owed by the assignor before the transfer was made.
> > (3) Made while the assignor was insolvent.
> > (4) Made on or within 90 days before the date of the making of the assignment . . . .
> > (5) Enables the creditor to receive more than another creditor of the same class.

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory*, 114 F.3d at 1420 (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III.    DISCUSSION

### A. Preemption

As a threshold matter, preemption is an affirmative defense that Defendant bears the burden to prove. *See Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018). "To prevail on a Rule 12(b)(6) motion to dismiss based on an affirmative defense, . . . a defendant must show that the defense is apparent on the face of the complaint." *Id.* (internal quotation marks omitted). The sole cause of action in Plaintiff's Complaint arises under California's preference statute. While it is, thus, apparent from the Complaint that preemption may apply, the Court is not persuaded that it does apply.

Absent explicit congressional language preempting a state law, there are two types of implied preemption: field preemption, in which "the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," and conflict preemption, in which "compliance with both federal and state regulations is a physical impossibility" or the "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992) (internal quotation marks omitted); *see also Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 298 (3d Cir. 2008). Defendant appears to assert both theories of implied preemption here.

Defendant argues that 11 U.S.C. § 547, the U.S. Bankruptcy Code's preference provision, leaves "no room" for Plaintiff's claim under Section 1800.  (D.I. 6 at 5)  The Ninth Circuit ruled directly on this question in *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (9th Cir. 2005).  The *Sherwood* Court explained that, although federal bankruptcy law is "pervasive and involves a federal interest so dominant as to preclude enforcement of state laws on the same subject," it nonetheless coexists peaceably with state laws regulating debtors and creditors.  *Id.* at 1201 (internal quotation marks omitted).  Section 1800, however, in the view of the *Sherwood* Court, "trench[es] too close upon the exercise of the federal bankruptcy power" and interferes with one of bankruptcy's primary goals: equitable distribution of a debtor's assets among competing creditors.  *Id.* at 1203, 1205.  Unlike other state laws that courts have held are ***not*** preempted, Section 1800 grants assignees "special avoidance powers" beyond those of individual unsecured creditors.  *Id.* at 1201-02 (citing *Stellwagen v. Clum*, 245 U.S. 605 (1918)).  The *Sherwood* Court reasoned that, if a state assignee recovers a preferential transfer pursuant to Section 1800, a federal bankruptcy trustee would be precluded from recovering the same sum under the federal preference statute.  *See id.* at 1204.  The Court also expressed concern that an assignment made pursuant to Section 1800 would diminish incentives for creditors to avail themselves of involuntary bankruptcy proceedings.  *See id.* at 1205.

As Plaintiff notes, several courts not bound by *Sherwood* have declined to follow it.  (*See* D.I. 9 at 5)  As one district court stated, "although *Sherwood* has not been overturned, the weight of authority following *Sherwood* is critical of its holding." *Insolvency Servs. Grp., Inc. v. Samsung Elecs. Am., Inc.*, 2021 WL 871434, at *2 (S.D.N.Y. Mar. 8, 2021).  Many of these cases have echoed the concerns articulated in Judge Nelson's opinion dissenting from *Sherwood*. Chief among these is the concern that, under *Sherwood*'s reasoning, any number of state laws

governing voluntary assignments would be preempted since, "by definition, [they] give the assignee more power than may be exercised by an individual creditor."  394 F.3d at 1206 (Nelson, J., dissenting).  This result would clash with *Pobreslo v. Joseph M. Boyd Co.*, in which the Supreme Court expressly upheld laws governing voluntary assignments for the benefit of creditors.  287 U.S. 518, 525-26 (1933) ("[V]oluntary assignments, unless . . . put aside, should be regarded as not inconsistent with the purposes of the federal [Bankruptcy Act].").

The California Court of Appeal has agreed with Judge Nelson, adding that *Sherwood* had reached too far in suggesting that any state law merely "implicat[ing]" federal bankruptcy law's goal of equitable distribution is preempted.  *Haberbush v. Charles & Dorothy Cummins Fam. Ltd. P'ship*, 43 Cal. Rptr. 3d 814, 818 (Cal. Ct. App. May 31, 2006); *see also Credit Managers Ass'n of Cal. v. Countrywide Home Loans, Inc.*, 50 Cal. Rptr. 3d 259 (Cal. Ct. App. Oct. 4, 2006) (agreeing with *Haberbush*).  The California Court of Appeal also reiterated Judge Nelson's observation that the state and federal preferential transfer statutes at issue were "virtually identical," suggesting that Section 1800 does not interfere with bankruptcy's goal of achieving equality of distribution but, rather, contributes to that goal.  *Haberbush*, 43 Cal. Rptr. 3d at 819-20.

Subsequently, the Delaware Superior Court agreed with the California Court of Appeal, highlighting that California's voluntary assignment scheme is not only "less stigmatic" and "less costly" to the debtor, but also serves to complement the goals of the bankruptcy system.  *Spector v. Melee Ent. LLC*, 2008 WL 362125, at *4-5 (Del. Super. Ct. Feb. 6, 2008).

This Court, too, is persuaded that Section 1800 does not create an "unavoidable conflict" with the Bankruptcy Code such as to give rise to implied preemption.  *Penn Terra Ltd. v. Dep't of Env't Res.*, 733 F.2d 267, 272 (3d Cir. 1984).  As emphasized by the Supreme Court in

6

*Pobreslo*, voluntary assignment schemes can work together with federal bankruptcy law to protect creditors and ensure equality of distribution. Accordingly, like the many other state and federal courts that have disagreed with *Sherwood*, this Court concludes that the Bankruptcy Code does not preempt Section 1800. *See Insolvency Servs.*, 2021 WL 871434; *Spector*, 2008 WL 362125; *Haberbush*, 43 Cal. Rptr. 3d at 817 ("[W]e find it impossible to conclude that [Section 1800] is inconsistent with the essential goals and purposes of federal bankruptcy law.") (internal quotation marks omitted); *see also Ready Fixtures Co. v. Stevens Cabinets*, 488 F. Supp. 2d 787, 790 (W.D. Wis. 2007) (addressing nearly identical state preference statute) ("The problems with the *Sherwood* decision are manifold."); *APP Liquidating Co. v. Packaging Credit Co., LLC*, 2006 U.S. Dist. LEXIS 60195, *4-8 (E.D. Wis. 2006) (same).

In addition to relying on *Sherwood*, Defendant contends that Section 1800 is distinct from state fraudulent conveyance laws. This does not help Defendant. As Plaintiff notes, it does not follow that preference actions are preempted. (*See* D.I. 9 at 1, 7)

Additionally, Defendant takes issue with Plaintiff's contention that *Pobreslo* "resolves" this case. (D.I. 11 at 2-3) It argues primarily that *Pobreslo* did not involve a state preference statute; instead, it considered a state law that prevented creditors from obtaining priority over other creditors as to property in the possession of an assignee for the benefit of creditors. (*Id.*) The Court agrees with Defendant that *Pobreslo* is not dispositive. *Pobreslo* did not resolve the issue of whether a state law permitting an assignee to avoid preferential transfers for the benefit of creditors is preempted by today's Bankruptcy Code. (*See id.*) As courts have noted, however, *Sherwood*'s rationale can reasonably be read to reach not just state preference laws, but ***any*** laws governing voluntary assignments. *See, e.g.*, *Haberbush*, 43 Cal. Rptr. 3d at 818-19.

Similarly, Defendant asserts that Plaintiff's reliance on *In re Rexplore Drilling, Inc.*, 971 F.2d 1219 (6th Cir. 1992), is misplaced because that case did not address preemption. (D.I. 11 at 3)  While *Rexplore* may support the notion that state preference laws can work in tandem with the Bankruptcy Code, there was no preemption dispute before the Sixth Circuit. *See* 971 F.2d at 1222. *Rexplore*'s authority is limited as well as non-binding on this Court.  Still, while Defendant makes valid points, they do not add up to a meritorious basis to find preemption.

While Defendant focuses primarily on field preemption, it appears to also assert conflict preemption. (*See* D.I. 6 at 6) (asserting that Plaintiff's claim would "stand as an obstacle to the full purposes of Congress set forth in federal bankruptcy law") (internal quotation marks omitted)  The Court agrees with Plaintiff that Defendant has failed to establish conflict preemption. (*See* D.I. 9 at 7-10)  As the Court has already explained, Section 1800 complements, rather than hinders, bankruptcy's goal of ensuring equitable distribution.  Further, to the extent Defendant argues the mere existence of state and federal statutes with similar objectives compels preemption (*see* D.I. 11 at 7), the Supreme Court has rejected this argument. *See Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142 (1963).

## B.  Failure to State a Claim

In the alternative, Defendant contends that Plaintiff's Complaint must be dismissed for failure to state a plausible claim for recovery of a preferential transfer. (D.I. 6 at 12-14)  The parties dispute whether the Court should apply the more exacting pleading standard articulated in *In re Valley Media, Inc.*, 288 B.R. 189, 192 (Bankr. D. Del. 2003), or reject this standard in favor of a more lenient approach.

The Bankruptcy Court for the District of Delaware has recently relied on *Valley Media*'s standard to determine whether a complaint seeking to avoid a preferential transfer should survive

8

a motion to dismiss.  *See In re PennySaver USA Publ'g, LLC*, 602 B.R. 256, 273-74 (Bankr. D. Del. 2019); *In re Tweeter Opco*, 452 B.R. 150, 153 (Bankr. D. Del. 2011).  Under *Valley Media*, 288 B.R. at 192, such a complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."  Some courts have declined to follow *Valley Media*, although almost all such cases cited by Plaintiff pre-date both *Twombly* and *Iqbal*.  *See, e.g., In re The IT Grp., Inc.*, 313 B.R. 370, 373 (Bankr. D. Del. 2004).

Regardless of which standard applies, the Court agrees with Defendant that Plaintiff's Complaint does not provide Defendant with sufficient detail regarding the nature of the alleged preferential transfers.  Rather than specify the date, exact amount, and number of transfers, Plaintiff simply alleges that "one or more transfers" occurred during the 90-day period before the assignment date and that the aggregate amount of these transfers is "not less than $1,457,600.47." (Compl. ¶ 17)  Plaintiff also fails to state which of these payments went to Comcast and which went to the Doe defendants.[5]  (*See id.*)

Accordingly, the Court will grant Defendant's motion to dismiss without prejudice and permit Plaintiff to amend.  Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  Amendment does not appear to be futile, and Defendant presents no argument as to why such leave should be denied.

## IV.   CONCLUSION

For the reasons above, the Court will grant Defendant's motion to dismiss without prejudice with leave to amend.  An appropriate Order follows.

---

[5] Confusingly, Plaintiff now seems to allege that this case "only involves a single defendant." (D.I. 9 at 12)

9